## HILL v. McWILLIAMS.

### No. 1205.

Municipal Court of Appeals for the District of Columbia.

Argued May 12, 1952.

Decided June 10, 1952.

---

Melvin M. Feldman, Washington, D. C., for appellant.

No appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The sole question on this appeal is whether a judge of the Municipal Court may refuse to issue an attachment for a defendant who has been personally served with a subpoena but has failed to appear for oral examination in supplementary proceedings.

Appellant originally brought suit against the appellee to recover the balance due for merchandise sold. Appellee was served but failed to appear and a default judgment was entered for the amount claimed. Subsequently an attachment was issued on the judgment but was returned unsatisfied. Appellant then made a motion under Municipal Court rule 69(a) which provides that "In aid of the execution on a judgment the judgment creditor * * * may examine any person including the judgment debtor, orally in open court * * *." The judge then presiding in Motions Court granted the motion and a date was set for examination. Appellee was personally served with a subpoena commanding him to appear on the date set for oral examination. Despite this personal service the appellee failed to appear, and counsel for appellant requested the judge then sitting to issue an attachment so that the recalcitrant appellee might be brought before the court. Giving no reason for the ruling, the judge refused to issue the requested subpoena. Appellant brings this appeal.

There was no suggestion of any circumstances which would justify the refusal to issue the attachment (sometimes referred to as a bench warrant) such as that the appellee was being harassed or that he was ill or that his appearance would work a hardship. On the contrary, the record shows that the appellee was given notice of each and every step throughout these proceedings, including this appeal, by either personal or constructive service, but that he has chosen to ignore the entire procedure.

That the Municipal Court has the power to compel the attendance of witnesses by attachment is specifically spelled out in Code 1940, Supp. VII, 11–756(c). This is a prime requisite in order to provide for the efficient administration of justice. It is fundamental that the dignity of the court requires that its orders be obeyed, for if subpoenas could be ignored at will there would be no assurance that trials could be satisfactorily conducted.

The granting of the motion under rule 69(a) gave the appellant the right to orally examine the judgment debtor. In order to

facilitate the appellant's exercise of this right, the court by its process ordered the appellee to appear before it, which he failed to do. It then remained for the court to further lend its aid and compel the appellee's attendance by the issuance of an attachment.

It is futile to vest a litigant with a procedural right if he is not entitled to the means of effecting that right. To afford a litigant the right to orally examine a judgment debtor and then to withhold the power of exercising that right is in effect rendering the right itself nugatory. This should not be done. We must therefore reverse this case with instructions to issue the attachment.

Reversed with instructions.